UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE CLAY SMITH                                                                           PETITIONER

V.                                        NO. 5:19-CV-0002-JM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Willie Clay Smith ("Smith"). *Doc. 2.* Before addressing Smith's habeas claims, the Court will review the procedural history of the case in state court.

1

On April 22, 2008, a Pulaski County Circuit Court jury found Smith guilty of theft of property and sentenced him, as a habitual offender, to 25 years' imprisonment.[1] *Smith v. State*, 2009 Ark. App. 151; Sentencing Order, *Doc. 11-2*.

Smith appealed. His sole point on direct appeal was that the trial court erred when it ruled on a *Batson* challenge by requiring evidence of a pattern of discrimination. On March 4, 2009, the Arkansas Court of Appeals affirmed Smith's conviction. *Smith v. State*, 2009 Ark. App. 151 (unpublished).

On May 5, 2009, Smith filed a timely Rule 37 petition in the trial court, and he later later amended his petition to add additional claims.[2] *Doc. 2, pp. 56-62, 74-83*.

On January 7, 2010, the trial court denied all of Smith's claims for Rule 37 relief. *Doc. 2, pp. 96-101*.[3]

---

[1] Smith's theft conviction was based on him attempting to steal 16 pairs of Nautica jeans, valued at over $500, from a Dillard's store. Smith had stuffed the jeans into a large sack; when approached by store employees, Smith dropped the sack and ran. When Smith was apprehended, he admitted his guilt and explained that he was drunk and unable to find his way out of the store. *Doc. 15-1, pp. 26, 153-186, Tr. at 21, 148-181*

[2] Smith asserted ineffective assistance claims related to his trial counsel's: (1) failure to request lesser included jury instructions; (2) failure to object to the prosecution's withdrawal of a jury instruction requiring a finding on the value of the jeans; (3) failure to make a hearsay objection to computer generated tickets showing the jeans' value; (4) failure to object to a photo showing some, but not all, of the jeans; (5) failure to object to evidence regarding Smith's parole eligibility; (6) failure to properly cross-examine Ms. Weatherford; and (7) failure to object to the prosecutor's parole eligibility argument during sentencing.

[3] With respect to all of Smith's ineffective assistance of counsel claims, the trial court ruled that he had failed to prove that his counsel's performance was constitutionally deficient, without addressing the prejudice prong of the analysis. With respect to Smith's remaining claims,

Smith appealed the denial of Rule 37 relief.[4] However, Smith failed to file an appellate brief, despite being given several extensions of time to do so. On January 13, 2011, Smith's Rule 37 appeal was dismissed for failure to file a brief.[5]

On June 2, 2011, Smith filed a Petition to Correct Sentence in the trial court. *Doc. 11-4*. On May 18, 2012, Smith filed a Petition for Habeas Corpus in the trial court.[6] *Doc. 11-4*. As of the date of this Recommendation, it does not appear that either of Smith's Petitions have been ruled on by the trial court.[7]

On January 3, 2019, Smith filed the § 2254 Petition now before the Court. *Doc. 2*. Smith asserts four ineffective assistance of counsel claims:

Claim 1: His trial counsel failed to competently investigate the case, discover the State's evidence, and develop a defense;

---

challenging the sufficiency of the evidence and alleged prosecutorial misconduct, the trial court held those claims were not properly before the Court.

[4] Smith pursued the appeal *pro se*.

[5] Respondent states that the Arkansas Supreme Court dismissed Smith's Rule 37 appeal on November 8, 2010. *Doc. 11 at p. 1*. However, the Arkansas Judiciary website indicates that Smith's Rule 37 appeal was not actually dismissed until January 13, 2011. See https://opinions.arcourts.gov/ark/supremecourt/en/237557/1/document.do.

[6] Smith filed the petition in Pulaski County, where he was convicted, but Arkansas law required him to file it in Jefferson County, where he was incarcerated. *See Malone v. State*, 2016 Ark. at 6, 501 S.W.3d at 811 ("Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed in the circuit in the county in which the prisoner is held in custody if the prisoner is incarcerated within the state, unless the petition is filed pursuant to Act 1780 of 2001 Acts of Arkansas," related to new scientific evidence.).

[7] *See* https://caseinfo.arcourts.gov (Case ID: 60CR-07-3368 - State v. Willie Clay Smith).

>Claim 2:   His trial counsel failed to examine the charging documents in the case and failed to obtain a video of Smith committing the alleged theft;
>
>Claim 3:   His trial counsel failed to prepare and file pre-trial motions;[8] and
>
>Claim 4:   His trial counsel failed to request a lesser included offense jury instruction.[9]

Respondent argues that Smith's habeas Petition should be dismissed because his claims are time-barred. Alternatively, Respondent argues that Smith's claims are procedurally defaulted. *Doc. 11*. Smith was given an opportunity to file a Reply, but failed to do so. Thus, the issues are joined and ready for disposition.

Because all of Smith's habeas claims are procedurally defaulted,[10] the Court recommends that his habeas Petition be dismissed, with prejudice.

## II. Discussion

### A.   Smith's Federal Habeas Claims Are Procedurally Defaulted

A habeas petitioner must first "fairly present" his claims in state court *before*

---

[8] Claims 1 through 3 were not asserted in Smith's Rule 37 filings with the trial court.

[9] Claim 4 was included in Smith's Rule 37 petition filed with the trial court. In rejecting this claim, the trial court held there was no legal basis for Smith's trial counsel to request an attempted theft of property jury instruction. *Doc. 2 at p. 99*.

[10] The Court declines to resolve the issue of whether Smith's federal habeas Petition was filed beyond the one-year limitations period. The issue is complicated by the question of whether Smith's apparently still pending Petition to Correct his sentence, filed on June 2, 2011, *before* the one-year federal limitations period expired, entitles him to statutory tolling under 28 U.S.C. § 2244(d). Arguably, the Petition remains pending and tolls the limitations period. *See, e.g., Fisher v. Raemisch*, 762 F.3d 1030 (10th Cir. 2014) (one-year federal limitations period tolled for eleven years it took state courts to address petitioner's state post-conviction application).

seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round of the State's established appellate review process." *Murphy v. King*, 652 F.3d at 848-49; *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

To exhaust his Rule 37 ineffective assistance of counsel claims, Smith was required to raise those claims with the trial court and then appeal its denial of relief to the Arkansas Supreme Court. *Armstrong v. Iowa*, 418 F.3d 924, 925-26 (8th Cir. 2005). A federal habeas claim is procedurally defaulted where a state court declines to review the claim because it was not raised and presented as required by state procedural rules. *See Moore–El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006), *cert. denied,* 549 U.S. 1059 (2006) ("Where a petitioner fails to follow applicable

5

state procedural rules, any claims not properly raised before the state court are procedurally defaulted.").

Smith failed to raise Claims 1 through 3 with the trial court. Although he raised Claim 4 in in his Rule 37 petition filed with the trial court, he failed to properly appeal the trial court's denial of that claim, resulting in the summary dismissal of his Rule 37 appeal.

Thus, all of Smith's federal habeas claims are procedurally defaulted.

### B.   Smith Has Failed to Establish Cause to Excuse His Procedural Default

When a procedural default occurs, federal habeas review of the claim is barred unless the habeas petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

The Court has considered whether the exception recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012),[11] or the actual innocence exception might apply to entitle Smith to a merits review of his procedurally defaulted claims. Based on the Court's

---

[11] Smith mentions *Martinez* in passing, without discussing *how* the doctrine applies to excuse any of his procedurally defaulted claims. *Doc. 2*, *at p. 8*.

review of the record, which includes the full transcript of Smith's trial,[12] neither the *Martinez* equitable exception nor the actual innocence exception will excuse Smith's procedural default.

### 1. The *Martinez* Equitable Exception[13]

As to Claims 1 through 3, to excuse his procedural default, Smith must demonstrate that each claim is substantial. This requires a showing by Smith that each claim (1) has "some merit"; and (2) is supported by at least some facts. *Martinez*, 132 S.Ct. at 1318-19. As discussed below, no basis exists for concluding that any of these three ineffective assistance claims are "substantial."

As to Claim 4, Smith's failure to complete his appeal of the denial of Rule 37 relief means that he is not even entitled to an analysis, based on *Martinez*, to determine whether the default may be excused, and to a merits review of this claim.

---

[12] The Court directed that Respondent make the trial transcript, which was not included with Respondent's initial Response, part of the record in this case. On July 23, 2019, the transcript was filed with the Court. *Doc. 15*.

[13] In *Martinez v. Ryan* and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Court recognized that, in a narrow range of habeas cases, a petitioner can rely on a lack of counsel or ineffective assistance of counsel, *at the initial step of post-conviction review*, to establish "cause" to excuse the procedural default of an ineffective assistance of counsel claim. As applied in Arkansas habeas cases, the *Martinez* exception only allows a federal court to find "cause," where: "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim.'" *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (*quoting Trevino v. Thaler*, 569 U.S. 413, 423, 133 S.Ct. 1911, 1918 (2013)); *see Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013) (applying *Martinez* and *Trevino* to Arkansas proceedings).

*Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (recognizing *Martinez* is not applicable to excuse default of ineffective assistance claims that were litigated in an initial review post-conviction proceeding, but not preserved in the post-conviction appeal).

### (a) Claim 1

In connection with this claim, Smith alleges his trial counsel provided constitutionally deficient representation by failing to: (1) "properly [and] competently investigate discovery and perfect a defense"; (2) investigate state's evidence in discovery and move to suppress state's evidence; (3) hire an investigator; and (4) interview the witnesses and to develop impeachment material.[14] *Doc. 2 at p. 3*. Smith fails to provide *any* factual detail or specifics to support this generalized list of grievances.

At trial, three witnesses testified for the State, two store employees and an off-duty police officer. They testified about: (1) witnessing Smith hauling a large Dillard's bag filled with what turned out to be 16 pairs of men's jeans as he moved around the Dillard's store; (2) Smith's suspicious behavior; (3) Smith's conduct in dropping the bag and running when a Dillard's employee asked him to look inside

---

[14] Some of these contentions appear to be broader, more generalized versions of more specific allegations Smith made in his Rule 37 proceeding before the trial court. Of course, if Smith were to make the same arguments here that he made in his Rule 37 filings, the *Martinez* exception would not apply.

the bag; and (4) Smith's incriminating admissions to the security officer who apprehended him. *See generally Doc. 15-1*, *pp. 153-186*, *Tr. 148-181*. Smith's conduct left his trial counsel with no option other than pursuit of a general denial defense at trial. Smith fails to identify any other defense that *could* have been pursued.

Additionally, Smith fails to explain and the record fails to indicate: (1) any evidence that could have been investigated, discovered or expressed that would have helped Smith's case; (2) what an investigator could have discovered; (3) what witnesses could have been but were not called and what they could have said; or (4) why the witnesses who testified were not adequately impeached.

Because Claim 1 is not "substantial," no equitable basis exists under *Martinez* to excuse Smith's procedural default of that claim.

**(b)     Claim 2**

In his second habeas claim, Smith contends that his trial counsel provided constitutionally inadequate counsel by failing to examine the charging documents and obtain an alleged video of Smith stealing the jeans from Dillard's. Smith fails to explain what a proper examination of the charging documents or video allegedly would have revealed. Nor does Smith explain how these alleged failures arguably prejudiced his defense.

There is nothing remarkable about the Felony Information charging that

9

Smith:

> Unlawfully, feloniously, and knowingly did take or exercise unauthorized control over properly having a value of less than $2500.00 but more than $500.00, to wit: CLOTHING, such being the property of DILLARD's INC, with the purpose of depriving the owner thereof, against the dignity of the State of Arkansas.

*Doc. 15-1, Tr. 5.* Trial counsel clearly was aware of the felony charge Smith faced and attempted to defend Smith at trial, after he withdrew his guilty plea to the charge.[15]

There is no evidence that a video of Smith's crime even existed. In fact, the only evidence is to the contrary. Glenda Weatherford, Dillard's assistant manager, testified at trial there was no video surveillance in this case. *Doc. 15-1, p. 168, Tr. at 163*.

Because Claim 2 is not "substantial," no equitable basis exists under *Martinez* to excuse Smith's procedural default of that claim.

**(c) Claim 3**

In his connection with this claim, Smith identifies the following motions his trial counsel failed to file: "Motion to Suppression, Bill of Particulars, Motion to Preclude Undisclosed Evidence, Motion - Order for DNA Testing on items." *Doc.*

---

[15] In a hearing on March 26, 2008, Smith entered a guilty plea to the felony theft charge. During the plea hearing, the trial judge asked Smith: "If we had a trial, do you believe the State could prove that you [committed theft of property]"? Smith replied, "Yes, sir, Your Honor." *Id. at p. 71*. The Court then permitted Smith to withdraw his plea, which Smith requested after learning that he would not be permitted to go to inpatient treatment and would be sentenced to the Department of Correction. *Doc. 15-1, pp. 67-78*.

*2 at 5*.  However, Smith fails to identify the factual basis or legal argument that would have supported the filing of any of these motions.  From the Court's review of the trial record, no such basis appears to exist.

With respect to filing a Motion to Suppress, Smith presumably is referring to the introduction at trial of a statement Smith made to Lieutenant Scott, an off-duty police officer working at Dillard's when the theft occurred.  At trial, Lt. Scott testified that Smith was running from a Dillard's store employee when Smith ran into Lt. Scott., who apprehended him and then escorted him to the Dillard's security office.  Lt. Scott testified that Smith, who was "somewhat belligerent," spontaneously uttered words to the following effect:

> I couldn't find my way out.  You've got me.  I'm guilty.  I'm drunk.  I couldn't find my way out.

*Doc. 15-1*, p. 178, Tr. at 173.

Even if Smith was already "in custody," such that a *Miranda* warning was required, his spontaneous statement to Lt. Scott would have been admissible.  *See Wells v. State*, 2017 Ark. App. 174, *10, 518 S.W.3d 106, 113 (2017) (A suspect's spontaneous statement is admissible, and it is irrelevant whether the statement was made before or after *Miranda* warnings because a spontaneous statement is not compelled or the result of coercion under the Fifth Amendment).  Thus, Smith's trial counsel had no valid legal basis to file a motion attempting to suppress Smith's statement.

Similarly, from the Court's review of the trial transcript, it can discern no legitimate factual or legal grounds to support any of the other Motions identified by Smith. For example, his trial counsel filed a Motion for Discovery, and the State filed a Response advising that it had an "open file" policy, allowing Smith's counsel to inspect the entire file three days before trial. *Doc. 15-1*, p. 16, 19, Tr. at 11, 14.

Because Claim 3 is not "substantial," no equitable basis exists under *Martinez* to excuse Smith's procedural default of that claim.

### 2      Actual Innocence

The Court considers *sua sponte* whether Smith has demonstrated a "gateway actual innocence claim" that might excuse his procedural default. Even procedurally defaulted claims may be reviewed when a habeas petitioner comes forward with new evidence to support a claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.").

The United States Supreme Court has described "new reliable evidence," as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. The Eighth Circuit has further explained that "new evidence" is evidence that was not available at trial and could not have been discovered earlier through the exercise of

due diligence. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine*, 238 F.3d at 1028) (citation omitted).  Smith has *not* presented any new evidence, that was unavailable to him through the exercise of reasonable diligence at trial, and that would establish his innocence.[16]  Accordingly, the actual innocence exception has no application to this case.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 2nd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[16]*See Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but ... come forward with new reliable evidence which was not available at trial through the exercise of due diligence."); *Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in noncapital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime").